LEMMON, Judge,
concurring.
The bank, without written directions from the maker of the note, credited the loan proceeds to another person’s account. There is no parol evidence rule which prohibits the use of testimonial proof and circumstantial evidence to establish that the maker authorized the proceeds to be handled in this manner.
The testimonial proof and circumstantial evidence in this case are sufficient to support the judgment. LeBouef knew that the bank was to extend funds based, at least in part, on his credit standing. On the alleged assurance that his signature on the note was only an endorsement, he executed the note and entrusted it for delivery to the bank to the person who allegedly gave that assurance. Thereafter, he failed to inquire over the next 90 days about disposition of the note and the loan proceeds.
Under these circumstances the conclusion is warranted (and virtually compelled) that LeBouef knew and approved of, and consented to, the bank’s disposition of the loan proceeds. Whether he intended to be primarily or secondarily liable on the note which gave rise to the loan proceeds is of no significance to the issue as to whether he authorized the bank’s disposition of the loan proceeds. That question has significance only as between LeBouef and the person he clothed with authority to direct disposition of the loan proceeds.